216

30 C.C.P.A.(Patents)

## In re REICHEL.
### Patent Appeal No. 4724.

Court of Customs and Patent Appeals.
April 5, 1943.

Stephen Cerstvik, of Bendix, N. J., and N. D. Parker, Jr., of Washington, D. C. (C. J. Kalman, of Bendix, N. J., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Primary Examiner rejecting claims 4 to 7 inclusive and 12 to 14 inclusive of an application of appellant for a patent on a new and useful improvement in an Oxygen Regulator. Three claims were allowed.

Claims 4 and 5 illustrate the nature of the subject matter involved and read as follows:

"4. In an oxygen regulator, means responsive to atmospheric pressure changes, an indicator actuated by said pressure responsive means for determining the value of the pressure change, a casing having an inlet and an outlet, means controlling the output of said casing, an indicator actuated by said control means, and manual means for supplying oxygen to said casing and said output control means to bring the indicator of the latter to a position coincident with the pressure indicator at the indicated pressure, whereby the correct amount of oxygen required is supplied from the outlet at the indicated pressure.

"5. In a gas regulator, means providing a chamber having an inlet and an outlet, a rotatable member mounted in said chamber and providing a spirally adjustable path controlling the output of said chamber, indicating means actuated by said rotatable member to indicate the output volume of said chamber, means responsive to varying pressures, means operated by said pressure responsive means for' indicating the value of said pressure, said last-named indicating means comprising a rotatable dial provided with an index, and means for supplying said gas to said chamber for operating said rotatable member so as to cause coincidence between the first-named indicating means and the index on said dial at the indicated pressure, whereby a predetermined amount of gas is supplied from the outlet at the indicated pressure."

The references cited are:
Mejean, 2,188,609, January 30, 1940;
Cerstvik, 2,197,922, April 23, 1940.

The application relates to a device for use in aircraft, which device supplies oxygen to the pilot or other person on the craft or to the cabin of the aircraft. The purpose of the device is to regulate the supply of oxygen in accordance with the varying needs of the occupants due to change of altitude. It comprises a casing in which there is a rotatable eccentrically mounted vane on a hollow shaft extending through the casing, the vane being adapted for operating an indicator to inform the user of the amount of oxygen being supplied by the regulator, the vane rotating in accordance with the amount of oxygen supplied through a manually operated inlet valve. The oxygen passes out of the device through an outlet pipe. As higher altitudes are reached

by the plane, the supply of oxygen manually controlled impels the free end of the vane moving in a clockwise direction gradually away from the interior circumference of the casing, said movement resulting in increasing space for the flow of oxygen. The vane is situated behind a graduated disk face and is provided with an indicator which moves along the periphery of the disk showing the position of the vane. The device also contains an aneroid element (bellows) adapted to expand and contract by reason of variations in altitude. Said movement of the bellows is communicated by means of gearing to a rotatable shaft which moves within the hollow shaft and rotates the graduated disk on the outside of the casing. The disk moves in clockwise direction as the plane reaches higher altitudes, and counterclockwise in descending from said altitudes. Near the edge of the disk is a fixed arrowhead index. The apparatus is so constructed that when the proper amount of oxygen passes through the casing at various altitudes the pointer attached to the vane will move into coincidence with the index arrowhead.

The Mejean patent relates to fluid distributing devices intended to automatically feed the fluid, particularly oxygen, in variable volume in accordance with the changes of pressure of the surrounding medium (atmosphere) and is designed especially for use on airplanes for supplying pilots and passengers with the amounts of oxygen made necessary by change of altitude. In the device of the patent oxygen is supplied from a tank and passed into an expansion means through a pressure reducing valve. From that means oxygen is fed through a pipe provided with a valve, pressable into any throttling position, into a second expansion means from which it flows through an outlet for use. The pipe through which the oxygen enters the first means and the final outlet pipe are provided with throttling valves. In the outlet pipe between the valve and the second expansion means is a flow meter, designated by the patentee as a "rheometer", through which the oxygen passes and which is preferably graduated in altitudes. The altitude is indicated on the rheometer by a swinging arrow hand, and when an altitude is thus indicated the oxygen flowing through the pipe is supposed to be the proper amount for that altitude. The device is provided with a manually operated knob so that the flow of oxygen may be increased if necessary. This neces-

sity, the patentee states, may arise when the rheometer indicates an altitude less than that at which the aircraft is actually flying, as indicated by the panel altimeter in the plane. In other words it seems that if the device is working properly the panel altimeter will correspond in its reading to that of the flow meter. Therefore it would appear that the altitude indication shown on the rheometer under normal conditions coincides with the altitude indicated on the panel altimeter.

The Cerstvik patent relates to automatic fluid regulators, particularly to oxygen regulators for use on aircraft for supplying oxygen to the occupants. The device of the patent as shown by the drawings is somewhat similar in form to that of appellant. It comprises a casing in which is eccentrically mounted a vane, the position of which controls the flow of oxygen to the user. It has intake and output pipes which may be manually operated. The vane, however, is motivated by a series of gears operatively connected with a bellows aneroid means. The vane moves in accordance with the contraction or expansion of the bellows caused by change of external air pressure. This change in pressure, of course, depends upon the altitude.

The Primary Examiner rejected claims 4, 12, 13 and 14 as not patentable over Mejean. He further held those claims to be anticipated by the patent to Cerstvik in view of the patent to Mejean. The examiner rejected claims 5, 6 and 7 on the patent to Mejean in view of Cerstvik and on Cerstvik in view of Mejean. He stated that those two grounds of rejection were in effect the same as the second ground of rejection given against claims 4 and 12 to 14 inclusive.

While the examiner expressed his opinion that the claims were properly rejectable as aggregations, he deemed rejection on the prior art to be sufficient and better.

The board in its decision held that the main difference between the mechanism defined by the involved claims and the devices disclosed in the prior art is that the involved device is hand operated instead of automatically operated, but that such a broad concept did not involve invention. The board stated: "After it had once been determined that hand operation would be desirable, all that remained to be done was to select the necessary structural features from the prior art of record." The board held the rejected claims to be un-

patentable over the cited art, but likewise held that the structural details recited in the involved claims constituted a proper combination, and in this respect reversed the decision of the examiner.

Appellant filed a petition for reconsideration in which he requested, among other things, that the board approve certain proposed amendments to the involved claims and allow them subject to their being amended as proposed.

In its decision on the petition the board refused to consider the proposed amendments.

The issue here is whether or not the appealed claims define patentability over the prior art.

We are of opinion that claims 4, 12, 13 and 14 were properly rejected as unpatentable over the patent to Mejean. Of this group claim 4 is the most specific. The Mejean device discloses a panel altimeter which constitutes the "means responsive to atmospheric pressure changes"; the panel altimeter indicator is "an indicator actuated by said pressure responsive means for determining the value of the pressure change"; the second pressure means is "a casing having both an inlet and an outlet"; the spring inlet valve, diaphragm in the pressure chamber, and aneroids are "means controlling the output of said casing"; the rheometer is "an indicator actuated by said control means"; and the manually operated knob and the throttling valve on the inlet pipe are "manual means for supplying oxygen to said casing and said output control means to bring the indicator of the latter [the rheometer] to a position coincident with the pressure indicator [the panel altimeter] at the indicated pressure, whereby the correct amount of oxygen required is supplied from the outlet at the indicated pressure."

Claim 5 is the most specific of the group consisting of claims 5, 6 and 7, and in our opinion reads as follows upon the composite structure which would result in providing the rheometer of the Mejean device on the outlet pipe of the Cerstvik apparatus:

"In a gas regulator, means [Cerstvik's casing] providing a chamber [the interior of Cerstvik's casing] having an inlet [the inlet pipe of Cerstvik] and an outlet [the output pipe of Cerstvik], a rotatable member [the vane of Cerstvik] mounted in said chamber and providing a spirally adjustable path [the path created by the rotation of the eccentrically mounted vane of Cerstvik] controlling the output of said chamber, indicating means [the rheometer of Mejean located on the outlet pipe of Cerstvik] actuated by said rotatable member to indicate the output volume of said chamber, means [the panel altimeter with which every aircraft is provided] responsive to varying pressures, means [the indicator of the panel altimeter] operated by said pressure responsive means for indicating the value of said pressure, said last-named indicating means comprising a rotatable dial provided with an index, and means [the intake pipe and the valve thereon of Cerstvik] for supplying said gas to said chamber for operating said rotatable member so as to cause coincidence between the first-named indicating means and the index on said dial at the indicated pressure, whereby a predetermined amount of gas is supplied from the outlet at the indicated pressure."

We think that such composite structure would be obvious to one skilled in the art and therefore lacking in invention.

We cannot agree with the contention of appellant that it is necessary that the prior art show the coincidence of two indicators on a single dial in order to be valid references. In our opinion this coincidence is met by the same indication on two dials read in connection with each other.

It appears to us that all appellant has done with respect to the rejected claims was to select structural features from the Mejean and Cerstvik patents. This in our opinion was the obvious thing to do.

For the reasons set forth herein, the decision of the Board of Appeals is affirmed.

Affirmed.